IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF S. HARNDEN,

    Plaintiff,

  v.

CALIFORNIA; JUDY GLOVER; CORRECTIONAL OFFICER MURRAY; WARDEN AYERS,

    Defendants.
                                /

No. C 10-3535 WHA (PR)

**ORDER OF DISMISSAL; INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff, an inmate at California State Prison – Corcoran, in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has paid the filing fee.

## ANALYSIS

**A.  PLAINTIFF**

The clerk has inadvertently misidentified the plaintiff on the docket as David Short. While Mr. Short's name appears on the front page of the form complaint along with Mr. Harnden's, Mr. Harnden is the only person identified as a plaintiff in the caption, Mr. Harnden is the only person who signed the complaint, and on page two of the complaint it is indicated that Mr. Harnden is the only plaintiff. Consequently, the clerk shall change the plaintiff on the docket from Mr. Short to Mr. Harnden.

**B.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

C. **EXHAUSTION**

Section 1997e of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Although nonexhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108,

2

1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Ibid.*

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Plaintiff states in his complaint that the last administrative level to which he appealed is not the highest level of appeal available to him (Pet. 2). His explanation for not appealing to the highest level of review is that "if DNA frees me . . . I will be a walking Yelling Stomping ASS Grievance Proceedure [sic]" (*ibid.*). The exhaustion requirement will not be excused on this basis. As petitioner has not presented grounds for excusing the exhaustion requirement, and he has clearly pleaded that he has not exhausted his available administrative remedies, his complaint must be dismissed.

## CONCLUSION

This case is **DISMISSED** without prejudice to filing a new case after plaintiff has exhausted his available administrative remedies.

The clerk shall change the plaintiff on the docket from David B. Short to Jeff S. Harnden and correct the prisoner number accordingly. The clerk's notice (docket number 2) was issued in error and is **VACATED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August   30   , 2010.

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\HARNDEN3535.DSM.wpd